IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALDORAN MARK A. MANNING,

    Plaintiff,

    v.

HOMESALES, INC., ET AL.,

    Defendants.

No. C 11-00578 JSW

**ORDER DENYING PETITION FOR TEMPORARY RESTRAINING ORDER**

On February 8, 2011, Plaintiff ALDORAN Mark A. Manning, proceeding *pro se*, filed a complaint and petition for temporary restraining order ("TRO"). The complaint alleges that "Todd W. and Danielle D. Barnett, Plaintiffs" seek "Dismissal of pending Forcible Detainer for Defendant's numerous acts of fraud upon Plaintiff's property rights." (Doc. No. 1 at 2.) The complaint further alleges that Defendants have initiated an unlawful non judicial foreclosure. (*Id.*) The complaint attaches a copy of a Trustee's Deed Upon Sale dated September 22, 2010, which identifies the subject property as being located at 2100 Edgebrook Place, Hayward, California 94541. (*Id.* at 14-15.)

Pursuant to Federal Rule of Civil Procedure 65(b)(1), the Court may issue a TRO without notice to the adverse party only if the following requirements are met:

    (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. Proc. 65(b)(1). Furthermore, in this district, a party moving for a TRO must deliver notice of such motion to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civil L.R. 65-1(b).

The allegations of the complaint fail to establish immediate and irreparable injury, loss or damage, particularly in light of the attachments to the complaint which indicate that the subject property has already been sold. Moreover, Plaintiff has not shown that he made any efforts to give notice of the TRO petition to Defendants or offered any reasons why such notice should not be required. Pursuant to Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(b), the Court DENIES Plaintiff's petition for a TRO.

The initial case management conference in this action set for May 20, 2011 at 1:30 p.m. will be held in Courtroom 11, 19th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: February 9, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALDORAN,

        Plaintiff,

  v.

HOMESALES, INC. et al,

        Defendant.
                                /

Case Number: CV11-00578 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aldoran
1152 98th Avenue
Oakland, CA 94603

Mark A. Manning
1152 98th Avenue
Oakland, CA 94603

Dated: February 9, 2011

Richard W. Wieking, Clerk
 By: Jennifer Ottolini, Deputy Clerk

3