IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALDORAN MARK A. MANNING,

    Plaintiff,

v.

HOMESALES, INC., ET AL.,

    Defendants.

No. C 11-00578 JSW

**ORDER DENYING EX PARTE APPLICATION FOR PRELIMINARY INJUNCTION, STAY, OR TEMPORARY RESTRAINING ORDER**

    On February 8, 2011, Plaintiff Mark A. Manning, proceeding *pro se*, filed a complaint and petition for temporary restraining order ("TRO"). By order dated February 9, 2011, the Court denied the TRO petition pursuant to Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(b).

    On February 16, 2011, Plaintiff filed an amended complaint and ex parte application for an order to show cause re preliminary injunction, stay or temporary restraining order. Liberally construed, the amended complaint alleges that this Court has diversity jurisdiction on the grounds that Plaintiff resides at the subject property located in California and Defendant Homesales, Inc. is a citizen of another state. (Am. Compl. at 11.) Plaintiff seeks relief to prevent removal of personal property or tenants from the property located at 2100 Edgebrook Place, Hayward, California 94541. Plaintiff represents that one of the tenants is severely disabled and in need of special care which the property is equipped to handle. (Ex Parte Appl. ¶ 2.) Plaintiff further represents that he is the president of ALDORAN; that on April 12, 2010, Plaintiff requested a Validation of Debt by Defendant, and that having received no response, the former owners of the property, T. and L. Ellis, quitclaimed their property interest to ALDORAN on May 20, 2010; that on October 12, 2010, Defendant Homesales, Inc., filed an unlawful

detainer on the previous owners of the property but not on ALDORAN; that on January 4, 2011, Homesales, Inc. was awarded a writ of possession and order to vacate on January 11, 2011; that on January 18, 2011, the Alameda County Sheriff Department and Mark Rodrigues, Real Estate Agent for Coldwell Banker, proceeded with eviction; that on January 14 and 19, 2011, Plaintiff contacted the Sheriff Department to state that ALDORAN was the owner of record; that on January 21, 2011, ALDORAN's tenants returned to the property; that on January 31, 2011, members of the Sheriff Patrol Division and Mr. Rodrigues met Plaintiff at the property and returned the property back to Mr. Rodrigues; that on February 9, 2011, Plaintiff retook possession of the property and has been told that all personal property would be destroyed as of February 20, 2011. (Ex Parte Appl. ¶¶ 3-12.)

Plaintiff alleges that the destruction of personal property will cause irreparable injury because the cost of moving and storing the personal property would exceed $10,000 and moving the tenant with special needs into a special care facility would cost thousands of dollars to Plaintiff who has responsibility to relocate the tenants under a lease agreement. (*Id.* ¶ 13.) Plaintiff seeks a stay or temporary restraining order to maintain the status quo. Defendants have not been served; Plaintiff represents that he notified a real estate agent by email and left a voicemail for an attorney for Homesales to inform of his intention to file a motion for notice of stay or TRO.

In order to obtain a temporary restraining order or preliminary injunctive relief, Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480

2

U.S. 531, 542 (1987)). On an ex parte motion for a TRO, the moving plaintiff must allege "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Proc. 65(b)(1)(A).

Following *Winter*, courts in the Ninth Circuit may apply a sliding scale test when there is a lesser showing of likelihood of success that amount to "serious questions on the merits" and the balance of hardships tips strongly in the plaintiff's favor, as long as the plaintiff satisfies the other two prongs under *Winter* by showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Alliance For The Wild Rockies v. Cottrell*, --- F.3d ----, 2011 WL 208360, *7 (9th Cir. 2011), *rehr'g en banc denied*.

The amended complaint purports to challenge the non-judicial foreclosure as fraudulent on the ground that Defendant Homesales does not possess the "GENUINE ORIGINAL PROMISSORY NOTE." (Am. Compl. at 9.) The amended complaint contains an attachment appearing to be a document entitled "Trustee's Deed Upon Sale" concerning a deed of trust for the subject property dated June 2, 2004, executed by T. and L. Ellis, which states that the unpaid debt on the property plus costs was $381,401.52 and that the property was sold by NDEx West, L.L.C., as Trustee under the Deed of Trust, to Homesales, Inc. at public auction on September 8, 2010. The amended complaint does not provide allegations or documentary evidence related to the June 2, 2004 deed of trust or the debt owed on the property. Although the factual allegations are selective and incomplete, even as liberally construed, they fail to demonstrate a likelihood of success or even serious questions on the merits of the claims for failure to meet the tender requirement to set aside a trustee's sale under California law.

Plaintiff has not alleged that he can, or would, tender the amounts due on the property, which is a prerequisite to maintaining this claim. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'" *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009) (quoting *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971)); *see also Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 578

3

(1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.) "A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay." *Pantoja*, 640 F. Supp. 2d at 1184 (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir.1987)).

Furthermore, Plaintiff has not demonstrated immediate irreparable injury. It appears from the face of the complaint, the ex parte application and the supporting documents that the foreclosure on the subject property occurred over four months ago, and Plaintiff has retaken possession of the property after deputies from the Alameda County Sheriff Department "turned the property back over to the Real Estate Agent." (Ex Parte Appl. ¶ 11.) The extent of harm alleged in the ex parte application relates to the monetary cost of relocating tenants under Plaintiff's contractual obligations: "the amount that will be needed to move and store the contents will be above $10,000 and the move for the special needs person into a special care facility will also be in the thousands and will be our responsibility to place him and the other tenants as we are under a lease agreement with them." (Ex Parte Appl. ¶ 13.) Such alleged monetary harm does not rise to the level of irreparable injury. *See Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

On the record currently before the Court, it cannot find that Plaintiff has met his burden of showing either a likelihood of success on the merits or the possibility of immediate irreparable injury. Even assuming that Plaintiff has shown that the balance of hardships weighs in his favor, Plaintiff has failed to demonstrate "serious questions" about the merits of his claims under the sliding scale test. Accordingly, the Court denies Plaintiff's ex parte application for preliminary injunction, stay or temporary restraining order.

**IT IS SO ORDERED.**

Dated: February 17, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4