IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDORAN AND MARK A. MANNING,<br><br>    Plaintiffs,<br><br>  v.<br><br>HOMESALES, INC., ET AL.,<br><br>    Defendants.<br>_____/ | No. C 11-00578 JSW<br><br>**SECOND ORDER TO SHOW CAUSE** |

On May 20, 2011, the Court issued an Order to Plaintiffs to show cause why Defendants' pending motion to dismiss should not be granted and why this matter should not be dismissed for failure to prosecute. The Court directed Plaintiff to respond to that Order in writing by no later than May 31, 2011. Plaintiffs filed a response to that Order which did not address the substance of Defendants' motion to dismiss. Plaintiffs also filed a second amended complaint without leave of court or a stipulation with Defendants. Federal Rule of Civil Procedure 15(a) permits parties to amend their pleadings once as a matter of course. Fed. R. Civ. Proc. 15(a)(1). In all other cases, amendment requires written consent of the adverse party or leave of the court. Fed. R. Civ. P. 15(a)(2). Therefore, the Court HEREBY STRIKES Plaintiffs' second amended complaint.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed.

R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377. The United States is not a party to this case. Although Plaintiffs have not alleged the citizenship of each of the parties, it appears evident from the fact of their complaints that they are residents of California and that some, if not all, of the Defendants would be California citizens. Thus, complete diversity does not exist.

Additionally, having reviewed the facts alleged in the first and second amended complaints, it appears as though Plaintiffs have not alleged any federal claims. Without a valid federal claim, this Court lacks jurisdiction over this action.

Therefore, is HEREBY ORDERED TO SHOW CAUSE ("OSC") in writing, by **July 22, 2011**, why this action should not be dismissed for lack of jurisdiction. Moreover, if Plaintiffs can demonstrate that this Court has jurisdiction, they have an obligation to respond to Defendants' pending motion to dismiss their first amended complaint. In their response to the OSC, Plaintiffs shall also include their opposition, if any, to the pending motion to dismiss. Plaintiffs are admonished that their failure to respond this Order by **July 22, 2011**, will result in a dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 24, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALDORAN,

    Plaintiff,

 v.

HOMESALES, INC. et al,

    Defendant.
                             /

Case Number: CV11-00578 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aldoran
1152 98th Avenue
Oakland, CA 94603

Mark A. Manning
1152 98th Avenue
Oakland, CA 94603

Dated: June 24, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk